UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT C. SMITH, | ) | CASE NO. 5:17CV2666 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | |
| | ) | |
| NANCY A. BERRYHILL, | ) | OPINION AND ORDER |
| *Acting Comm'r of Soc. Sec.*, | ) | |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter comes before the Court upon Plaintiff's Objections (ECF #18) to the Report and Recommendation (ECF #17) of Magistrate Judge Thomas M. Parker, who recommends that the Court affirm the Commissioner's decision denying Plaintiff's claim for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. §§ 416(i), 423, 1381 *et seq.* (the "Act"). For the following reasons, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation and **AFFIRMS** the Commissioner's denial of Plaintiff's Claim.

**BACKGROUND**

The following is a procedural synopsis of Plaintiff's Claim. The Magistrate Judge's Report and Recommendation provides a more complete and detailed discussion of the facts. For a complete overview of Plaintiff's medical history, see the Magistrate Judge's Report and Recommendation, which refers to the original Complaint and incorporates all documents in relation to the dispute.

On April 11, 2014, Plaintiff protectively filed an Application for SSI benefits, alleging disability beginning March 23, 2014. Plaintiff's Application was denied initially and upon

reconsideration. On August 7, 2015, Plaintiff filed a request for a hearing before an administrative law judge ("ALJ"). The ALJ held a hearing on February 16, 2017. Plaintiff was represented by counsel at the hearing and testified. A vocational expert ("VE") also attended the hearing and provided testimony. On March 14, 2017, the ALJ concluded that Plaintiff was not disabled. The Appeals Council denied Plaintiff's request for review on November 8, 2017, thus rendering the ALJ's decision the final decision of the Commissioner.

On December 21, 2017, Plaintiff timely filed the instant Complaint challenging the Commissioner's final decision, asserting there is no substantial evidence to support the decision to deny benefits. (ECF #1). On November 15, 2018, the Magistrate Judge issued his Report and Recommendation. (ECF #17). On November 29, 2018, Plaintiff filed his Objections to the Magistrate Judge's Report and Recommendation. (ECF #18). On December 4, 2018, Defendant filed her Response to Plaintiff's Objections. (ECF #19).

## **STANDARD OF REVIEW**

When reviewing a magistrate judge's report and recommendation, a court makes a *de novo* determination regarding the portions to which there are objections. 28 U.S.C. § 636(b)(1). In reviewing the Commissioner's decision however, the district court's review is not *de novo*. *Norman v. Astrue*, 694 F.Supp.2d 738, 740 (N.D. Ohio 2010). Instead, a district court determines whether the Commissioner applied the proper legal standards and whether substantial evidence supports the Commissioner's findings. 42 U.S.C. § 405(g); *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989).

"Substantial evidence" has been defined as more than a mere scintilla of evidence, but less than a preponderance of the evidence. *Wright v. Massanari*, 321 F.3d 611, 614 (6th Cir.

2003); *Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 535 (6th Cir. 1981). Thus, if the record evidence is of such a nature that "a reasonable mind might accept it as adequate support" for the Commissioner's final conclusion, then the determination must be affirmed. *Wright*, 321 F.3d at 614; *Kirk*, 667 F.2d at 535. If such evidence exists, the district court should defer to the Commissioner's determination "even if there is substantial evidence in the record that would have supported an opposite conclusion." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (citing *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)).

## **ANALYSIS**

A claimant is entitled to receive SSI benefits only when he establishes disability within the meaning of the Act. *See* 42 U.S.C. §§ 423, 1381. A claimant is considered disabled when he cannot perform "substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(a); 20 C.F.R. § 416.905(a).

In making a determination as to disability under this definition, the Commissioner is required to follow a five-step sequential analysis set out in agency regulations. The five steps can be summarized as follows:

> 1. If the claimant is doing substantial gainful activity, he is not disabled.
>
> 2. If the claimant is not doing substantial gainful activity, his impairment must be severe before he can be found to be disabled.
>
> 3. If the claimant is not doing substantial gainful activity, is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his impairment meets or equals a listed impairment, the claimant is presumed disabled without further inquiry.

> 4. If the impairment does not meet or equal a listed impairment, the ALJ must assess the claimant's residual functional capacity ["RFC"] and use it to determine if the claimant's impairment prevents him from doing past relevant work. If claimant's impairment does not prevent him from doing his past relevant work, he is not disabled.
>
> 5. If the claimant is unable to perform relevant work, he is not disabled if, based on his vocational factors and RFC, he is capable of performing other work that exists in significant numbers in the national economy.

20 C.F.R. § 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987).

Plaintiff raises objections regarding the ALJ's RFC determination, the process the ALJ used to make his RFC determination and the ALJ's findings at step five of the above analysis. The Magistrate Judge determined the ALJ applied the proper legal standards and substantial evidence supported the ALJ's determinations. Accordingly, the Magistrate Judge recommended this Court affirm the ALJ's finding of no disability.

When the Commissioner makes a finding concerning a claimant's RFC, she considers "all the relevant medical and other evidence" in the record. 20 C.F.R. §§ 416.920(e), 416.945. The RFC finding is an assessment of what a claimant "can and cannot do." *Webb v. Comm'r of Soc. Sec.*, 368 F.3d 629, 633 (6th Cir. 2004). Here, Plaintiff objects to the way the ALJ treated the medical opinions and Plaintiff's credibility at the hearing to determine his RFC.

Typically, an opinion from a medical source who has examined a claimant is given more weight than that from a source who has not performed an examination (a "non-examining source"), and an opinion from a medical source who regularly treats the claimant (a "treating source") is afforded more weight than that from a source who has examined the claimant but does not have an ongoing treatment relationship (a "non-treating source"). 20 C.F.R. § 416.927(c); *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 375 (6th Cir. 2013) (citations

omitted).

Treating source opinions must be given "controlling weight" if two conditions are met: (1) the opinion "is well-supported by medically acceptable clinical and laboratory diagnostic techniques;" and (2) the opinion "is not inconsistent with the other substantial evidence in the case record." 20 C.F.R. § 416.927(c)(2); *Gayheart*, at 376. If the ALJ does not afford a treating-source opinion controlling weight, then the opinion is weighed based on the length, frequency, nature and extent of the treatment relationship, as well as the treating source's area of speciality and the degree to which the opinion is consistent with the record as a whole and is supported by relevant evidence. § 416.927(c); *Gayheart*, at 376. While the Commissioner is directed to consider these factors, she is not required to provide an "exhaustive factor-by-factor analysis" in the decision. *Francis v. Comm'r of Soc. Sec.*, 414 Fed. App'x 802, 804 (6th Cir. March 16, 2011). Importantly, the Commissioner is required to provide "good reasons" for discounting the weight given to a treating-source opinion. § 416.927(c)(2); *Gayheart*, at 376.

Conversely, opinions from non-treating and non-examining sources are never assessed for "controlling weight." *Gayheart*, at 376. The ALJ instead weighs these opinions based on the examining relationship (or lack thereof), specialization, consistency and supportability, but only if a treating-source opinion is not deemed controlling. § 416.927(c); *Gayheart*, at 376. Other factors which tend to support or contradict the opinion may be considered in assessing any type of medical opinion. *Id.* Relevant here, the Commissioner is not prohibited from adopting the findings of non-examining sources. *See generally Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 514-15 (6th Cir. 2010); *Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 875 (6th Cir. 2007).

However, there is a limitation on opinions that the Commissioner will consider. Under

20 C.F.R. § 416.927(d), issues that would direct the determination or decision of disability are reserved for the Commissioner. 20 C.F.R. § 416.927(d). Specifically, the Commissioner is not required to find the claimant disabled simply because a medical source opined that a claimant is disabled or unable to work. *Id.* at § 416.927(d)(1). Furthermore, while the Commissioner will consider medical opinions in relation to impairments on the Listing of Impairments, a claimant's RFC, or vocational factors, the ultimate responsibility for deciding these issues is reserved for the Commissioner. *Id.* at § 416.927(d)(2).

Finally, a reviewing court accords great weight and deference to the Commissioner's credibility finding of a claimant, but such a finding must be supported by substantial evidence. *Temples v. Comm'r of Soc. Sec.*, 515 F. App'x 460, 462 (6th Cir. Feb. 15, 2013) (citing *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997)). "Discounting credibility to a certain degree is appropriate where [the Commissioner] finds contradictions among the medical reports, claimant's testimony, and other evidence." *Walters*, 127 F.3d at 531. Furthermore, it is not a reviewing court's role to resolve conflicting evidence in the record or to examine the credibility of the claimant's testimony. *Wright*, 321 F.3d at 614-15.

Plaintiff objects to the Report and Recommendation arguing that the ALJ committed legal error by not affording the treating and examining physicians more weight than the State Agency Reviewers. Specifically, Plaintiff complains about the treatment of the State Agency Reviewers' opinions in relation to the opinion of Dr. Magleby, a non-treating source. The Magistrate Judge determined that the ALJ properly reviewed the record and afforded the appropriate weight to each source.

State agency doctors are considered highly-qualified and experts in disability evaluation

and the Commissioner must consider their evidence. 20 C.F.R. 416.913a(b)(1); 416.927(e); *see also Gayheart*, 710 F.3d at 379-80 ("a properly balanced analysis might allow the Commissioner to ultimately defer more to the opinions of consultative doctors than to those of treating physicians"). Thus the Commissioner must consider each opinion and determine how much weight to afford them. *Id.*

Here, the ALJ did just that. He reviewed the record as a whole, starting with Plaintiff's treating physician. Then he analyzed the non-treating sources. Finally, the ALJ finished with the non-examining sources. He looked at evidence both before and after each source reviewed Plaintiff. After doing so, the ALJ determined the State Agency Reviewers' opinions were supported by the record and afforded them great weight. He also afforded great weight to a non-treating source whose opinion was also supported by the record. Accordingly, the Court cannot say that the ALJ ignored the mandate in the regulations when weighing the opinions of the medical sources within the record.

Plaintiff is incorrect when he argues the ALJ should have deferred to the opinions of Dr. Jopperi, Plaintiff's treating source. Dr. Jopperi issued three opinions. The first two were the same and concluded Plaintiff is disabled and unable to work. This disability determination however, is an issue reserved for the ALJ. In fact, it would have been an error for the ALJ to defer to Dr. Jopperi's two opinions. *See Cosma v. Comm'r of Soc. Sec.*, 652 Fed. App'x 310, 311 (6th Cir. June 10, 2016) (determining that the ALJ reasonably gave no weight to the treating physician's opinion because her conclusion that claimant was totally disabled is a determination reserved to the Commissioner) (citing 20 C.F.R. § 416.927(d)(1); *Bass v. McMahon*, 499 F. 3d 506, 511 (6th Cir. 2007) (analyzing same issue under prior version of the regulations)).

Regarding Dr. Jopperi's third opinion, the ALJ afforded it little weight and not controlling weight in accordance with § 416.927(c). The ALJ based this decision on Plaintiff's unremarkable physical examination findings and proper treatment of his symptoms with medication. Thus, the ALJ determined Dr. Jopperi's third opinion was not supported by the record. The Court agrees with the Magistrate Judge that the ALJ's analysis was proper.

Moreover, any perceived internal inconsistency within the ALJ's opinion does not warrant reversal. In his objection, Plaintiff argues that since the ALJ gave little weight to Dr. Magleby's opinion while giving great weight to the State Agency Reviewers' opinions, who in turned gave great weight to Dr. Magleby's opinion, an inconsistency resulted. This inconsistency, according to Plaintiff, does not support the Magistrate Judge's recommendation that the ALJ's decision was supported by substantial evidence. Plaintiff's argument is a nonstarter.

The ALJ afforded Dr. Magleby's opinion little weight. He did not completely disregard his opinion. Rather, the ALJ said Dr. Magleby's opinion was both vague and unsupported by the record. The ALJ rightly pointed out that other mental examinations by treating sources appeared unremarkable and that there was no evidence of mental health treatment. Furthermore, Dr. Magleby's opinion simply restates his findings with little relation to how those findings impact Plaintiff's ability to work. Conversely, the State Agency Reviewers applied similar findings as Dr. Magleby to Plaintiff's ability work. The ALJ found this helpful and afforded the opinions great weight.

Furthermore, even if there were an internal inconsistency, it is harmless. The ALJ reviewed the record both before and after Dr. Magleby and the State Agency Reviewers' opinion

of Plaintiff. He noted that any perceived mental limitations were unremarkable. Despite that fact, the ALJ noted that he considered mental limitations to the extent they were supported in the record and incorporated them into Plaintiff's RFC. *See Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 547-48 (6th Cir. 2004) (wittingly or not, an ALJ may attribute to the claimant limitations consistent with those identified by the record).

Similarly, the alleged internal inconsistency does not support the position that the ALJ selectively relied on evidence in the record. According to Plaintiff, the ALJ must rely on the entire record and not specific portions that support his desired outcome. Again, Plaintiff misunderstands the ALJ's opinion.

The ALJ considered the entire record, including evidence unavailable to the State Agency Reviewers. An example would be the evidence from Dr. Iltrat, an examining source, who noted that Plaintiff had never followed up for treatment or evaluation after Plaintiff's stroke in 2014 and had no reoccurring symptoms since 2014. This evidence occurred after Dr. Magleby's consultative examine and the State Agency's review and is supported by the record. The ALJ thus properly afforded Dr. Iltrat's findings great weight.

Plaintiff also objects to the Magistrate Judge's recommendation that the ALJ properly assessed Plaintiff's credibility. According to Plaintiff, the record contained support for Plaintiff's testimony and it was error for the ALJ to find that Plaintiff's subjective symptoms were not consistent with the objective evidence in the record.

The Court agrees with the Magistrate Judge. The ALJ applied the proper legal standard by weighing Plaintiff's credibility against the evidence found in the record. He determined that the record evidence did not support Plaintiff's subjective testimony. The record is replete with

unremarkable physical and mental status examination findings; treatment notes that determined Plaintiff was attentive, oriented, concentrated and could follow commands; that he was on a conservative medical treatment plan that managed his symptoms; that he never followed up from his initial stroke in 2014; and that his vision only reflected a mild to moderate loss of vision. Thus, the ALJ determined Plaintiff's allegations regarding the nature of his symptoms and impairments were not fully consistent with the medical evidence of the record.

Finally, Plaintiff challenges the ALJ's step five analysis. Specifically, Plaintiff claims the ALJ ignored evidence which would have precluded Plaintiff from engaging in substantial gainful activity or limited him to a sedentary level of exertion. The Magistrate Judge determined that Plaintiff's challenge was unavailing. According to the Magistrate Judge, the ALJ applied to proper legal procedures and reached a decision supported by substantial evidence.

Again, the Court agrees with the Magistrate Judge. At the step five stage of the analysis, "the Commissioner must make a finding 'supported by substantial evidence that [Plaintiff] has the vocational qualification to perform specific jobs.'" *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 238 (6th Cir. 2002) (citing *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987)). Substantial evidence may be produced through reliance on the testimony of a VE in response to a hypothetical question. The hypothetical question need only reference a claimant's limitations without reference to the claimant's medical conditions. *Webb*, 368 F.3d at 633 (citing *Foster v. Halter*, 279 F.3d 348, 356 (6th Cir. 2001)).

The ALJ relied on hypothetical questions to a VE to support his finding that Plaintiff could perform work that exists in the national economy. As discussed above, the ALJ properly reviewed the records and the medical opinions and determined Plaintiff's RFC. He did not

-10-

include Plaintiff's subjective complaints concerning his vision and concentration. Failure to include these subjective complaints was not error. Even the most restrictive limitations found in the record do not support this position. As the Magistrate Judge correctly determined, the hypothetical question need not reflect the claimant's unsubstantiated complaints so long as the question has support in the record. *See Blacha v. Sec'y of Health & Human Servs.*, 927 F.2d 228, 231 (6th Cir. 1990). The hypothetical question the ALJ asked had support in the record.

The ALJ applied the proper legal standards while reviewing the case record and opinions within. Further, substantial evidence supported the ALJ's findings. Accordingly, Plaintiff's numerous challenges to the ALJ's disability determination are unfounded.

## CONCLUSION

Based on the foregoing analysis, the Court finds that Plaintiff's Objections are without merit and the Commissioner's decision denying Plaintiff's Application for Supplemental Security Income was correct. Therefore, the Magistrate Judge's Report and Recommendation (ECF #17) is **ADOPTED** and the Commissioner's denial of Plaintiff's Claim is **AFFIRMED**.

**IT IS SO ORDERED.**

                                        **s/ Christopher A. Boyko**
                                        **CHRISTOPHER A. BOYKO**
                                        **United States District Judge**

**Dated: February 20, 2019**